**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAY FOLSE,

                Plaintiff,

v.                                CIVIL ACTION NO.   2:22-cv-00435

KANAWHA COUNTY COMMISSION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, Jay Folse, proceeding *pro se*, initiated this action with a *Complaint* (Document 1) filed on October 5, 2022.  The operative pleading is an *Amended Complaint* (Document 6) filed on October 25, 2022.  Mr. Folse alleges, inter alia, that his property was improperly sold at a tax sale without notice or due process.   By *Administrative Order* (Document 4) entered on October 6, 2022, the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for total pretrial management and submission of proposed findings of fact and recommendations for dispositions.   On January 18, 2023, Judge Aboulhosn submitted a *Proposed Findings of Fact and Recommendation* (Document 29), recommending that the Court grant motions to dismiss filed by two of the Defendants.   The *Plaintiff's Objection to Proposed Findings and Recommendations* (Document 32) was filed on February 7, 2023.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff named the following Defendants: the Kanawha County Commission, Vera McCormick, in her individual and official capacities as Clerk of the Kanawha County

Commission, Lin Tech International, L.L.C, and J. Nicholas Barth.   The *Defendant Kanawha County Commission's Motion to Dismiss* (Document 14) was filed on November 10, 2022, and *Defendant J. Nicholas Barth's Motion to Dismiss* (Document 19) was filed on November 17, 2022. Both motions were fully briefed before Judge Aboulhosn.

Mr. Folse alleges that he owned a property in the Elk District, recorded on Map 28 Parcel 72, Sub-parcel 32.   A tax lien for the property was sold by the Kanawha County Sheriff at a tax sale on November 17, 2020.   Defendant Lin Tech International purchased the tax lien.   J. Nicholas Barth, an attorney, and Lin Tech directed Vera McCormick, as County Clerk, to send a notice of the right to redeem to Mr. Folse at two different addresses.   Mr. Folse alleges that he would have received the notice had it been sent to either address, but it was not issued or mailed, and the tax deed does not contain a notice to redeem.   He alleges that Mr. Barth submitted an affidavit swearing that the notices had been issued and mailed out in accordance with the applicable statutory requirements.[1]   Ms. McCormick signed the tax deed on April 13, 2022.

The amended complaint alleges the following causes of action: Count One – Violations of the Fourteenth Amendment Cognizable Under 42 U.S.C. §1983, Count Two – Monell Liability Against Municipal Defendants, and Count Three – Conspiracy to Violate Constitutional Rights Cognizable Under 42 U.S.C. § 1985.   He seeks damages and declaratory relief both declaring the tax deed at issue void and declaring the actions, policies, and customs of Vera McCormick and the Kanawha County Commission to be unconstitutional.

---

1 As Judge Aboulhosn notes in the PF&R, Mr. Barth conducted a title examination of the property to generate the list of addresses but was not involved in the issuance of notice.   The records related to the tax sale, which the Court finds are integral to the complaint and may properly be reviewed on a motion to dismiss, confirm that Mr. Barth did not sign such an affidavit.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Magistrate Judge found that the Plaintiff had abandoned his § 1985 claim as to the Kanawha County Commission and Mr. Barth by failing to respond to the motions to dismiss as to that claim.  He further found that the Plaintiff's § 1983 claim should be dismissed because he did not plausibly allege that either of these Defendants had any duty or authority to provide notice of the tax lien sale or the right to redeem.

The Plaintiff objects, arguing that his claims are sufficiently alleged.  He contends that his allegations support a *Monell* claim against the Kanawha County Commission, citing allegations that Ms. McCormick and the Kanawha County Commission have a policy and practice of issuing tax deeds without making legally required efforts to provide notice of the right to redeem.  He

3

further notes his allegation that an employee informed him of such a policy.   He argues that he is entitled to pursue his claim for declaratory relief against the Kanawha County Commission.   He further argues that his claim against Mr. Barth is viable because he has alleged that Mr. Barth was acting under color of law by acting "in conjunction with the KCC and Vera McCormick in choosing who to notify and the method of service which did not include personal service."   (Pl.'s Obj. at 7.)   He argues that Mr. Barth's role is a factual question that should not be resolved on a motion to dismiss.

At the time of the tax sale at issue, state law imposed a duty on either the State Auditor or the County Clerk to provide notice via specified methods to the property owner, at addresses identified by the purchaser.   W. Va. Code §§ 11A-3-5(b), 22 (2010).   The law does not provide a role for county commissions.   County clerks are independently elected officials, as opposed to employees acting under the direction of or in accordance with the policies of county commissions. Because the Kanawha County Commission had no role or duty related to providing notice of the right to redeem property following a tax sale, the claims against it are legally foreclosed.   Thus, the § 1983 and *Monell* claims against the Kanawha County Commission must be dismissed.

State law requires the purchaser of a tax lien to conduct a title search and identify those to be served with notice to redeem, together with addresses for the individuals and the property. W.Va. Code § 11A-3-19 (2018).   The Plaintiff has alleged that the purchaser, Lin Tech International, retained Mr. Barth to conduct a title search, which correctly identified addresses at which the Plaintiff could be reached.   He also alleges that Mr. Barth signed an affidavit "falsely swearing that those notices were issued and mailed out in accordance with the applicable statutory provisions of WV Code § 11A-3-19 on April 1, 2022."   (Am. Compl. at ¶ 18.)   Mr. Barth attached

4

the deed and accompanying documents to his motion to dismiss, and the Court finds that those documents are integral to the complaint and may properly be considered. The affidavit dated April 1, 2022 is signed by Lin Tech, not by Mr. Barth. Mr. Barth's signature appears on an October 22, 2021 document providing Mr. Folse's name and two addresses, for purposes of having the Clerk issue service. That document was prepared *prior* to service. Given those documents, the allegation that Mr. Barth swore the notices had been properly mailed out is not plausible. There are no other factual allegations suggesting that Mr. Barth played any role in the alleged failure to provide Mr. Folse with proper notice of his right to redeem the property. Thus, the Plaintiff's objections to the recommendation that his §1983 claim against Mr. Barth be dismissed should be overruled.

The Plaintiff's objections do not address his § 1985 claim, and so the Court will adopt the recommendation to dismiss that claim as to Mr. Barth and the Kanawha County Commission.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objection to Proposed Findings and Recommendations* (Document 32) be **OVERRULED**, that the Magistrate Judge's *Proposed Findings of Fact and Recommendation* (Document 29) be **ADOPTED**, that the *Defendant Kanawha County Commission's Motion to Dismiss* (Document 14) and *Defendant J. Nicholas Barth's Motion to Dismiss* (Document 19) be **GRANTED**, and that this matter be **REFERRED** to Magistrate Judge Aboulhosn for further proceedings as to the remaining Defendants

.

5

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     March 27, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6