UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAY FOLSE,

     Plaintiff,

v.                                                                     Civil Action No. 2:22-CV-00435
                                                                       Honorable Irene C. Berger

KANAWHA COUNTY COMMISSION, a
political subdivision, VERA
McCORMICK, in her individual and
official capacities, J. NICHOLAS BARTH,

     Defendants,

LIN TECH INTERNATIONAL, L.L.C., a
West Virginia Limited Liability Company,

     Interested Party.

**DEFENDANT VERA MCCORMICK'S MOTION IN *LIMINE* TO PRECLUDE
PLAINTIFF FROM ARGUING FOR OR ASSERTING ANY RIGHT TO
<u>COMPENSATORY AND PUNITIVE DAMAGES, AND ATTORNEYS' FEES</u>**

     **COMES NOW** the Defendant, Vera McCormick (hereinafter referred to as "Defendant" or

"Defendant McCormick"), by counsel, Charles R. Bailey, Samuel M. Bloom, and the law firm of

Bailey & Wyant, PLLC, and hereby moves this Court to preclude Plaintiff Jay Folse from making a

claim at trial for any compensatory and punitive damages, as well at a claim for attorneys' fees. In

support thereof, Defendant states as follows:

**INTRODUCTION**

     This matter stems from a tax sale in which Plaintiff Jay Folse's property, with the legal

description of "LT 8 G C ACREE PARTITION SUB FLTWDS BR INDIAN CK CONT 6/100A"

(hereinafter referred to as "the subject property"), was sold on November 17, 2020. *See ECF Doc*

*No.* 6, ¶¶ 8, 9. Plaintiff alleges in the Amended Complaint that the notices to redeem the subject property were "never issued or mailed to the Plaintiff." *Id.*, ¶¶ 13, 17. Alternatively, Plaintiff alleges that "[e]ven if the mail containing the notice to redeem was actually sent, it was never delivered to the Plaintiff." *Id.*, ¶ 28.

Plaintiff alleges that despite not receiving the notices to redeem, the subject property was sold on November 17, 2020, and a tax deed was issued to Lin Tech International, LLC by Defendant McCormick on April 13, 2022. *Id.*, ¶¶ 9,  18 – 20. Plaintiff asserts that, as a result of Defendant McCormick's actions, Plaintiff has suffered a due process violation in violation of the Fourteenth Amendment to the United States Constitution. *Id.*, ¶ 20. In the "Wherefore" clause contained in the Amended Complaint, Plaintiff asserts damages for "compensatory, nominal, punitive, statutory, actual, and economic damages." *Id.*, pg. 7, 8. Additionally, Plaintiff asserts that he seeks "[r]easonable attorney fees which may be incurred, and all other costs and fees associated with this action." *Id.*

Despite these claims for damages, Plaintiff has failed to establish any facts that Plaintiff is entitled to any compensatory damages, has failed to establish any facts that could possibly entitle Plaintiff to punitive damages, and cannot recover attorneys' fees and expenses in the immediate matter.

When asked about Plaintiff's damages in this matter, Plaintiff offered the following testimony:

Q:     So how did you acquire the subject property?

A:     Tax deed.

Q:     So is that something you acquired at a tax sale?

A:     Yes.

Q:     When did you acquire it?

A:     I think it would have been around 2020.

Q:    It wasn't 2019?

A:    Well, it might have been but you got to consider too the sale happens and then the deed comes later so I don't recall exactly.

Q:    Do you know how much you purchased it for?

A:    No.

Q:    Is it fair to say that you purchased the property as part of your business or did you buy it for personal reasons?

A:    Well, I never sold that property so it wasn't necessarily any intent.

Q:    Did you intend on selling the property?

A:    Not necessarily.

Q:    So you didn't have any specific purpose –

A:    Correct.

Q:    -- when you – Did you ever use it for anything?

A:    No.

Q:    Did you ever go on the property and rehab it?

A:    No.

Q:    Did anyone ever use it?

A:    I don't know.

Q:    Was there something sitting on that piece of property when you bought it or was it just a vacant lot?

A:    I mean, you're asking me these questions, I mean, I don't know what you mean by that.

Q:    The subject property when you purchased it was there a building on the piece of property?

A:    I don't recall. I don't believe so.

Q:    Do you remember if that property was developed at all at that point in time?

A:    I don't believe so. Not to my recollection.

*See Deposition Transcript of* Plaintiff, 22:14 – 24:9, attached hereto as **Exhibit 1**. Plaintiff also provided the following testimony regarding the damages he is asserting in this matter:

Q:    What damages are you asserting you've suffered in this case?

A:    I think it's a Constitutional tort and I think I only made Constitutional claims. I really don't remember.

Q:    Do you recall you've asserted a claim for compensatory damages?

A:      I might have.

Q:      Do you know if you have any compensatory damages in this case?

A:      Well, I purchased the property, and I was titled to it unlawfully so I would say that's a compensatory damage.

Q:      So you're seeking to get the purchase price for the property back or the property back?

A:      I'm seeking everything I said in the Complaint, every damage that I'm seeking whatever that might be.

Q:      The gist I want to get at is I want to try to quantify is what your damages are in this case, if you quantify it. I mean, you don't recall right now how much you purchased the subject property for, right? Did you tell me how much you –

A:      No, I don't recall.

Q:      You didn't expend any money rehabbing it, correct?

A:      Correct.

*Id.*, 29:7 – 30:10.

Additionally, Plaintiff failed to compute any category of damages in Plaintiff's Rule 26(a)(1) Disclosures and has never supplemented the same shedding light on any damages that Plaintiff believes he may be entitled to. *See Plaintiff's Rule 26(a)(1) Disclosures*, attached hereto as **Exhibit 2**.

Regarding Plaintiff's claim for punitive damages, Plaintiff has failed to introduce any evidence supporting entitlement to these damages. Plaintiff premises his claim for punitive damages upon Defendant McCormick issuing a tax deed despite Plaintiff's belief that Defendant McCormick knew that constitutional notice was not provided to Plaintiff. However, there is uncontroverted testimony in this matter that Defendant McCormick believed that notice was made on Plaintiff because, when she reviewed the tax deed file for the subject property, she did not see any indication that the 1st class mail or the certified mail were returned to sender as undeliverable. Specifically, Defendant McCormick offered the following uncontroverted testimony:

Q:      So when a tax deed is presented to you, if there's nothing in the tax deed in

4

front of you that indicates that the notices to redeem were returned as undeliverable, is that sufficient to determine whether notice was made?

A:     Yes.

Q      Okay. And if there's nothing in the file that says that the notice to redeem was returned as undeliverable, you will issue a tax [deed]?

A:     Yes. Yes.

Q:     Okay. Was there anything in Mr. Folse's file, if you can recall, when you executed the tax deed if there was anything in that file that indicated that the notices were returned as undeliverable?

A:     I would have questioned at the time if it was.

Q:     Okay. And you just reviewed it a little bit ago –

A:     Yes.

Q:     -- and as you've reviewed it a little bit ago here at this deposition, did you see anything in the file –

A:     No.

Q:     -- that said that those notices were returned as undeliverable?

A:     Did not.

*See* Deposition Transcript of Vera McCormick, 34:2 – 35:4, attached hereto as **Exhibit 3**. Defendant McCormick further testified that although the Clerk's office did not receive a green card back for either piece of the certified mail sent to Plaintiff's addresses, "we assume that you got that first class mail – because we did not get that back undeliverable. If we had, we would have sent another notice to you." *Id.*, 20:21 – 22:2. Further, Defendant McCormick has testified that the notices were indeed mailed to Plaintiff. *Id.*, 17: 16 – 17: 22; 18:14 – 18:18; 21:3 – 21:13. Thus, as explained more fully below, Plaintiff clearly is not entitled to punitive damages.

## ARGUMENT

### I.     Plaintiff's claim for compensatory damages.

It is proper for this Court to preclude Plaintiff from making any claim for compensatory damages at trial because Plaintiff has failed to establish *any* compensatory damages Plaintiff has suffered as a result of Defendant McCormick. In the immediate matter, Plaintiff has asserted a claim

against Defendant McCormick pursuant to 42 U.S.C. § 1983. *See generally ECF Doc No. 6*. The United States Supreme Court has explained that "the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). "For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

Here, Plaintiff has failed to introduce any proof of compensatory damages. Plaintiff testified that he has no information about what the property was purchased for, what he intended to use the property for, and that he did nothing to rehabilitate the property. *See* Ex. 1, 22:14 – 24:9, 29:7 – 30:10. Additionally, Plaintiff's Rule 26(a)(1) Disclosures provide that the "Plaintiff has not made any computation of damages." *See* Ex. 2. Further, Plaintiff has never supplemented the disclosure to provide a computation of Plaintiff's alleged compensatory damages and has never supplied any basis for the same. *Id.* Thus, with out any actual proof of compensatory damages, Plaintiff must be precluded from asserting a claim for them at trial.

However, despite Plaintiff's inability to claim compensatory damages, the law recognizes that Plaintiff may be entitled to nominal damages in the instant matter *if* Plaintiff can establish a due process violation.  The Supreme Court has held that where due process violations occur, nominal damages are damages awarded by default until the plaintiff establishes entitlement to another type of damages. *See Carey*, 435 U.S. at 266 (because the right to due process "is 'absolute,'" its denial is "actionable for nominal damages without proof actual injury"); *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800, 209 L. Ed. 2d 94 (2021) ("Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages . . .

6

."); *Farrar*, 506 U.S. at 112 ("*Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury."); *Segarra v. McDade*, 706 F.2d 1301, 1308 (4th Cir. 1983) (Murnaghan, J. concurring in part and dissenting in part) ("A plaintiff in a § 1983 action no doubt is entitled to an award of nominal damages if he or she prevails and if the complaint seeks monetary damages.") (citing *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Price v. City of Charlotte*, 93 F.3d 1241, 1256 (4th Cir. 1996) (holding that because the plaintiffs "did suffer a constitutional violation, but failed to prove emotional distress warranting compensatory damages, we award them nominal damages in the sum of one dollar each."); *Park v. Shiflett*, 250 F.3d 843, 854 (4th Cir. 2001) ("[I]n a case in which a plaintiff's civil rights are found to have been violated, it is appropriate to award nominal damages. A plaintiff's failure to prove compensatory damages results in nominal damages, typically one dollar. The rationale for the award of nominal damages being that federal courts should provide some marginal vindication for a constitutional violation.") (internal citations omitted).

Thus, in the immediate matter, the only proper damage Plaintiff may claim is a claim of nominal damages. As such, it is proper for this Court to preclude Plaintiff from making any claim at trial that Plaintiff is entitled to compensatory damages as Plaintiff has failed to establish any compensable injury. Instead, the Court should rule that if Plaintiff is entitled to any damages for which he can recover this action, such damages are only nominal damages.

## II.    Plaintiff's claim for punitive damages.

It is proper for this Court to preclude Plaintiff from making any claim for punitive damages at trial because Plaintiff has failed to establish the appropriateness of punitive damages in the immediate matter. The Supreme Court has held that punitive damages may be awarded in a civil rights action under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or

intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 52, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). "Punitive damages punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future." *Washington v. Denney*, 900 F.3d 549, 564 (8th Cir. 2018) (internal quotation marks and citation omitted). Although "a finding that an official violated a plaintiff's constitutional rights" is sufficient to establish liability under § 1983, it "does not necessitate a finding of callous indifference warranting punitive damages." *Thurairajah v. City of Fort Smith*, 3 F.4th 1017, 1026 (8th Cir. 2021) (internal quotation marks and citation omitted).

Here, Plaintiff has asserted a claim for punitive damages against Defendant McCormick. Although punitive damages are not recoverable against Defendant McCormick in her official capacity, they are recoverable against her individually under a § 1983 claim. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.13, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). However, there have been no facts established in this matter justifying an award of punitive damages against her.

As explained above, when Defendant McCormick reviewed the tax deed file for the subject property, she did not see anything that indicated that notice was not provided to Plaintiff. *See* Ex. 3, 34:2 – 35:4. She further testified that had she seen something in the file that indicated to her that the notices sent to Plaintiff were undeliverable, she would have sent another notice to Plaintiff. *Id.*, 20:21 – 22:2. Further, there is unopposed testimony on the record establishing that Defendant McCormick believes notices were mailed to Plaintiff based on the contents of the tax deed file. *Id.*, 14:1 – 15:14; 17: 16 – 17:22; 18:14 – 18:18; 21:3 – 21:13. Finally, Defendant McCormick has testified that her office followed the statutory process contained in in *West Virginia Code* § 11A-3-1, et seq. with respect to the sale of property sold at tax sales and the issuance of notices to redeem for

8

said properties. *Id.,* 6:11 – 7:20; 13:14 – 13:21.

These facts are simply insufficient to establish an award of punitive damages against Defendant McCormick. Plaintiff has failed to demonstrate any evil motive, reckless or callous indifference, outrageous, intentional, or malicious conduct on the part of Defendant McCormick. Without these present, there is no basis as a matter of law to award such damages. Accordingly, it is proper for the Court to preclude Plaintiff from asserting a claim for punitive damages at trial.

### III.     Plaintiff's claim for attorney's fees.

Finally, it is appropriate for this Court to preclude Plaintiff from making a claim at trial that he is entitled to reasonable attorneys' fees. "The general rule in our legal system is that each party must pay its own attorney's fees and expenses, *see Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L.Ed.2d. 40 (1983), but Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). "Section 1988 provides that a prevailing party in certain civil rights actions may recover 'a reasonable attorney's fee as part of the costs.'" *Id.* However, "[a] pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees" under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991) (emphasis in original). Because Plaintiff is proceeding pro se, he cannot recover attorney fees under § 1988, even if he were to prevail on his § 1983 claim.

Here, because Plaintiff is proceeding *pro se*, Plaintiff cannot recover attorneys' fees as a matter of law. As such, Plaintiff must be precluded from asserting a claim for the same. Accordingly, it is appropriate for the Court to grant this motion in *limine* to preclude Plaintiff from making a claim for attorneys' fees at trial.

## CONCLUSION

**WHEREFORE**, Defendant Vera McCormick respectfully requests that this Court enter an

**ORDER** find this motion to be proper and **GRANT** this motion in *limine*, and grant this Defendant

such further relief that this Court deems just and appropriate.


**Vera McCormick,**

**By Counsel,**


   **/s/ Samuel M. Bloom**
**Charles R. Bailey (WV Bar #0202)**
**Samuel M. Bloom (WV Bar #13739)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**cbailey@baileywyant.com**
**sbloom@baileywyant.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**JAY FOLSE,**

      **Plaintiff,**

**v.**                                 **Civil Action No. 2:22-CV-00435**
                                         **Honorable Irene C. Berger**

**KANAWHA COUNTY COMMISSION, a**
**political subdivision, VERA**
**McCORMICK, in her individual and**
**official capacities, J. NICHOLAS BARTH,**

      **Defendants,**

**LIN TECH INTERNATIONAL, L.L.C., a**
**West Virginia Limited Liability Company,**

      **Interested Party.**

## <u>CERTIFICATE OF SERVICE</u>

      **I HEREBY CERTIFY** that a true and correct copy of foregoing **"DEFENDANT VERA MCCORMICK'S MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM ARGUING FOR OR ASSERTING ANY RIGHT TO COMPENSATORY AND PUNITIVE DAMAGES, AND ATTORNEYS' FEES"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system and/or U.S. Mail on this day, August 18, 2023:

Jay Folse
4702 Eoff Street
Wheeling, WV  26003

O. Gay Elmore, Jr.
Attorney At Law
121 Summers Street
Charleston, WV  25301
Email Address: elmorelaw@aol.com
Attorney For: Lin Tech International, LLC

/s/ Samuel M. Bloom

**Charles R. Bailey (WV Bar #0202)**
**Samuel M. Bloom (WV Bar #13739)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**cbailey@baileywyant.com**
**sbloom@baileywyant.com**