IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JAY FOLSE,**

  **Plaintiff,**

v.                  Civil Action No. 2:22-CV-00435

**KANAWHA COUNTY COMMISSION, *ET AL*.,**

  **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are ***Plaintiff's Motion for Partial Summary Judgement*** (ECF No. 55)[1], filed on August 4, 2023, along with Plaintiff's Memorandum in Support of same (ECF No. 56), and ***Defendant Vera McCormick's Response to Plaintiff's Motion for Partial Summary Judgment*** (ECF No. 57)[2] filed on August 18, 2023. No reply brief has been filed, accordingly, the matters are fully briefed and ready for decision. By Administrative Order entered on October 6, 2022, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4) Having reviewed the Plaintiff's ***Motion*** (ECF No. 55), the responsive pleading and pertinent legal authority, the undersigned has concluded that the ***Motion*** should be **DENIED** for the reasons stated *infra*:

---

[1] The Plaintiff attached a single exhibit in support of his Motion, a copy of the deposition transcript of Vera McCormick (ECF No. 55-1).

[2] McCormick attached three exhibits in support of her arguments opposing the Plaintiff's Motion: copies of the notices to redeem the subject property and related documents maintained by the Kanawha County Clerk (ECF No. 57-1); a copy of a portion of the deposition transcript of the Plaintiff (ECF No. 57-2); and a copy of a portion of the deposition transcript of Vera McCormick (ECF No. 57-3).

**Background**[3]

On October 5, 2022, the Plaintiff, proceeding *pro se*, filed a three-count[4] complaint against McCormick and other named Defendants[5] under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourteenth Amendment for failing to provide him with proper notice to redeem the tax delinquency on his real property[6] (hereinafter referred to as "subject property") pursuant to W. Va. Code § 11A-3-19 and then subsequently selling the subject property via tax sale on November 17, 2020 without notice to him. (ECF No. 6)

**Argument in Support of Partial Summary Judgment**

The Plaintiff argues that he is entitled to partial summary judgment against McCormick on his Section 1983 and Monell claims – he requests his damages be determined by a jury. The Plaintiff asserts the following facts are not in dispute: that when the Plaintiff moved from his residence in Bluefield, West Virginia to Wheeling, West Virginia, "many of his tax bills were not properly forwarded to his new address"; that the unpaid taxes caused the subject property to be sold at tax auction by the Sheriff of Kanawha County, West Virginia; that McCormick violated the Plaintiff's due process rights for failing to send him a notice to redeem; and that McCormick's

---

[3] For the sake of judicial economy, the undersigned does not belabor the procedural history or repeat the Plaintiff's factual allegations in support of his claims, but incorporates by reference to same as set forth in a prior Proposed Findings and Recommendation (See ECF No. 29).

[4] The Plaintiff's "Count II" concerns "*Monell* Liability" against McCormick. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978).

[5] The Court has previously granted the motions to dismiss the Plaintiff's claims against the Kanawha County Commission and J. Nicholas Barth (See ECF No. 34). Although Lin Tech International, L.L.C. was named as a defendant and/or interested party herein, beyond its initial Answer to the Plaintiff's Amended Complaint (ECF No. 10), there is no indication of any further participation in this action by this party. Additionally, the Plaintiff appears to concede that Vera McCormick is the only "remaining Defendant in this case" (ECF No. 56 at 3).

[6] The Plaintiff provided the legal description of his property: "LT 8 G C ACREE PARTITION SUB FLTWDS BR INDIAN CK CONT 64/100A" which is located in the Elk District and on Map 38 Parcel 72 Sub-parcel 32. (ECF No. 6 at 2-3) The subject property's legal description is not in dispute.

admitted procedures for handling delinquent property taxes (by not ensuring that notices to redeem are properly issued) establish an unconstitutional custom or practice.

**Argument Against Partial Summary Judgment**

McCormick contends summary judgment is improper because there is a genuine issue of material fact: notably, McCormick testified that the Kanawha County Clerk's office mailed out notices to redeem to the Plaintiff's known residences – Bluefield and Wheeling – the former at which the Plaintiff testified he received mail. The notices were sent via certified mail and first-class mail, and McCormick testified she saw no evidence that any of the mail sent to the Plaintiff was returned as undeliverable. Because she believed the Plaintiff received notice, she executed the tax deed for his property. Further, McCormick argues that the Plaintiff has not demonstrated that notice was constitutionally infirm pursuant to Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708 (2006) and its progeny. Additionally, McCormick asserts the Plaintiff has failed to establish liability in support of his Monell claim, and has established no evidence that McCormick has engaged in any widespread or flagrant practices that establish an unconstitutional custom adopted by the Kanawha County Clerk's office.

**The Standard**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 -

87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. Id. at 250.

## Discussion

There is no question that genuine disputes of material fact are present here – at bottom, there is *absolutely* a genuine dispute whether the Plaintiff received the notice to redeem and/or whether McCormick, or her office, sent the notice to redeem. Another notable material fact in dispute concerns whether McCormick's issuing the notice to redeem was *reasonable* under the circumstances presented in this case. The Plaintiff has not demonstrated that McCormick knew he did not receive a notice to redeem; he has not demonstrated that the first-class mail was returned as undeliverable or that McCormick knew his mail was returned. See O'Neal v. Wisen, 2017 WL 3274437, at *4 (S.D.W. Va. Aug. 1, 2017)(Berger, J.)("The Fourth Circuit held that '[w]hen a party required to give notice *knows* that a mailed notice has, for some reason, failed to inform a person holding a property interest of the impending deprivation, the notice does not pass constitutional muster.' " Plemons v. Gale, 396 F.3d 569, 573 (4th Cir. 2005))(emphasis in original)

4

Moreover, a plain reading of the Plaintiff's argument that summary judgment is appropriate concerning his Monell claim is nothing more than conclusory allegations: "Ms. McCormick's admissions that she was not aware of the holdings in O'Neal or Jones, her admission that she did not ever consider whether her actions were in violation of the due process clause, and her admission that she only served owners of owner-occupied properties[.]" (Id. at 10) In short, the Plaintiff has fallen very short of the standard governing summary judgment.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** the ***Plaintiff's Motion for Partial Summary Judgement*** (ECF No. 55).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155

(1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: September 26, 2023.

_____
Omar J. Aboulhosn
United States Magistrate Judge