IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

        **Plaintiff,**

v.                                                        Civil Action No. 2:22-CV-00435

**KANAWHA COUNTY COMMISSION,** *ET AL.***,**

        **Defendants.**

## ORDER

Pending before the Court are ***Defendant Vera McCormick's Motion in Limine to Preclude Plaintiff from Arguing for or Asserting Any Right to Compensatory and Punitive Damages, and Attorneys' Fees*** (ECF No. 58)[1], filed on August 18, 2023, ***Plaintiff's Opposition to Defendant's Motion in Limine*** (ECF No. 67) filed on August 30, 2023, and ***Reply in Support of Defendant Vera McCormick's Motion in Limine to Preclude Plaintiff from Arguing for or Asserting Any Right to Compensatory and Punitive Damages, and Attorneys' Fees*** (ECF No. 71) filed on September 8, 2023. Accordingly, the matters are fully briefed and ready for decision.

Having reviewed the Defendant's *Motion* (ECF No. 58), the responsive pleading and pertinent legal authority, the undersigned has concluded that the *Motion* should be **GRANTED in PART and DENIED in PART** for the reasons stated *infra*:

---

[1] McCormick attached three exhibits in support of her Motion: a copy of a portion of the deposition transcript of the Plaintiff (ECF No. 58-1); the Plaintiff's Initial Disclosures Pursuant to Rule 26(A)(1) of the Federal Rules of Civil Procedure (ECF No. 58-2); and a copy of a portion of the deposition transcript of Vera McCormick (ECF No. 58-3).

## Background[2]

On October 5, 2022, the Plaintiff, proceeding *pro se*, filed a three-count[3] complaint against McCormick and other named Defendants[4] under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourteenth Amendment for failing to provide him with proper notice to redeem the tax delinquency on his real property[5] (hereinafter referred to as "subject property") pursuant to W. Va. Code § 11A-3-19 and then subsequently selling the subject property via tax sale on November 17, 2020 without notice to him. (ECF No. 6)

## Argument in Support of Motion

McCormick asks this Court to preclude the Plaintiff from making a claim at trial for any compensatory and punitive damages as well as a claim for attorney's fees. Regarding his claims for damages, McCormick notes that the Plaintiff's Amended Complaint seeks damages for "compensatory, nominal, punitive, statutory, actual, and economic damages" (Id. at 7, 8). However, during his deposition, the Plaintiff did not quantify the amount of his alleged damages, and further, failed to compute any category of damages in his Rule 26(a)(1) Disclosures, and never supplemented same. McCormick asserts that while the Plaintiff is unable to claim compensatory

---

[2] For the sake of judicial economy, the undersigned does not belabor the procedural history or repeat the Plaintiff's factual allegations in support of his claims, but incorporates by reference to same as set forth in a prior Proposed Findings and Recommendation (See ECF No. 29).

[3] The Plaintiff's "Count II" concerns "*Monell* Liability" against McCormick. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978).

[4] The Court has previously granted the motions to dismiss the Plaintiff's claims against the Kanawha County Commission and J. Nicholas Barth (See ECF No. 34). Although Lin Tech International, L.L.C. was named as a defendant and/or interested party herein, beyond its initial Answer to the Plaintiff's Amended Complaint (ECF No. 10), there is no indication of any further participation in this action by this party. Additionally, the Plaintiff appears to concede that Vera McCormick is the only "remaining Defendant in this case" (ECF No. 56 at 3).

[5] The Plaintiff provided the legal description of his property: "LT 8 G C ACREE PARTITION SUB FLTWDS BR INDIAN CK CONT 64/100A" which is located in the Elk District and on Map 38 Parcel 72 Sub-parcel 32. (ECF No. 6 at 2-3) The subject property's legal description is not in dispute.

damages under his Section 1983 claim for his failure to provide proof of same, he may be eligible for nominal damages, provided he prevails on his claim of due process violation. Additionally, the Plaintiff has failed to introduce any evidence supporting a claim for punitive damages – her deposition testimony shows there are simply insufficient facts to establish any award of punitive damages, as nothing demonstrates she acted with any malice, evil motive, reckless or callous indifference, outrageous or intentional conduct. Finally, McCormick points out that the Plaintiff is proceeding pro se, and even if he were to prevail on his Section 1983 claim, he cannot recover attorney fees under Section 1988.

### Argument Against Motion

The Plaintiff argues he is entitled to compensatory damages, and that it is up to the jury to quantify them; the Plaintiff argues he lost his real property, which is an actual and quantifiable harm. The Plaintiff contends that McCormick admitted during her deposition that she did not consider whether her actions violated the Due Process Clause and that her policies violate multiple court decisions by not requiring personal service when the property is not owner occupied. The Plaintiff states that McCormick's actions were reckless and callously disregarded his due process rights. The Plaintiff insists he is entitled to "potential" attorney's fees – should an attorney appear on his behalf.

### McCormick's Reply in Support of Motion

McCormick notes that when Section 1983 plaintiffs seek damages for violations of constitutional rights, damages are ordinarily determined by the common law of torts. West Virginia law has long recognized the necessity of establishing a claim for damages before putting that claim before a jury – in short, the Plaintiff is wrong that it is incumbent upon the jury to quantify his

damages, he must actually establish his compensatory damages. The Plaintiff testified that he did not know how much he purchased the subject property at the tax sale; he had no intentions of doing anything with it; he did not spend money rehabilitating it; and he did not know if there were any structures on the property or other development. McCormick further argues that the Plaintiff is patently mistaken that she was required to effect personal service on him when sending the notice to redeem, as he misreads the holdings in Jones and O'Neal – neither case held that personal service is required.[6] Thus, the Plaintiff's claim for punitive damages fails because he has not shown McCormick violated his due process rights, let alone went about it in a reckless or callous manner. Because the Plaintiff acknowledges he is proceeding pro se, and only entitled to attorney's fees should one notices appearance on his behalf, he concedes he is not entitled to attorney's fees.

## Relevant Law

"[W]hen Section 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts. Memphis Community School Dist. v. Stachura, 477 U.S 299, 306, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249 (1986)(internal citations omitted). No compensatory damages may be awarded in a Section 1983 suit without proof of actual injury. Farrar v Hobby, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The abstract value of a constitutional right may not form the basis for Section 1983 damages. Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978). Nominal damages are awarded when a plaintiff establishes the violation of his right to due process but is unable to prove actual injury. Id. at 266, 1054.

---

[6] Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708 (2006); O'Neal v. Wisen, 2017 WL 3274437 (S.D.W. Va. Aug. 1, 2017)(Berger, J.).

The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior. See, e.g., Electrical Workers v. Foust, 442 U.S. 42, 48, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979); Gertz v. Robert Welch, Inc., 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974). In Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), the United States Supreme Court held that punitive damages may be available under Section 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

A *pro se* litigant who is also a lawyer may not be awarded attorney's fees under Section 1988. Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).

**Discussion**

As an initial matter, while the Plaintiff has continued to proceed pro se, he is not entitled to attorney's fees and expenses, therefore, he would be precluded from making such a claim at trial. However, as the Plaintiff acknowledges, should an attorney appear to represent his interests in this action on his behalf, and should the Plaintiff prevail on his Section 1983 claim, then he may be entitled to a claim for attorney's fees. Accordingly, unless the Plaintiff obtains representation by counsel who is in good standing and allowed to practice before this Court, the Defendant's *Motion* in *limine* as it pertains to the Plaintiff's claim for attorney's fees is **DENIED WITHOUT PREJUDICE** because at this point in the proceedings, the motion is premature. However, should this case proceed to trial and the Plaintiff maintains his *pro se* status, McCormick should be permitted to renew her motion. In the event the Plaintiff obtains counsel and prevails on his Section 1983 claim, then the Plaintiff may make a claim for attorney's fees.

Regarding the Plaintiffs' claim for punitive damages, the evidence before this Court shows that the Plaintiff has not demonstrated that McCormick acted with the requisite intent to justify a such a claim. To the extent that the Plaintiff' argues that McCormick should have effectuated personal service of the notice to redeem, and that her failure to do so meets the threshold of being reckless to justify an award of punitive damages (ECF No. 67 at 3-4), the undersigned disagrees. The Plaintiff has misunderstood or misreads the holdings in <u>Jones</u> and <u>O'Neal</u> – neither endorse personal service of notices to redeem, but more importantly, the failure to perform personal service of the notice is not sufficient grounds for punitive damages. The Plaintiff has not shown any evidence that McCormick *knew* or was even *aware* that he did not receive the notice. Accordingly, the Defendant's **Motion** in *limine* as it pertains to the Plaintiff's claim for punitive damages is **GRANTED**.

Finally, with respect to the Plaintiff's claim for compensatory damages, the undersigned is frustrated that despite having been afforded ample time to engage in discovery, which has now concluded, there is *nothing* before this Court that can ascertain with any indicia of reliability as to what the Plaintiff's compensatory damages are. As noted *supra*, the United States Supreme Court has made it clear that a plaintiff must provide proof of actual damages, and not merely an abstract value for the alleged constitutional violations. That the Plaintiff has testified in his deposition that he has no recall of what he paid for the subject property, or has provided any indication of its value, but filed a lawsuit for the alleged loss of this property is baffling. (See ECF No. 58-1) While the undersigned appreciates that the Plaintiff is *pro se*, he is not an unexperienced litigant, as he has filed numerous lawsuits in this Court and others. However, the Plaintiff's appearance before this Court alleging injuries for which he provides no information despite having the burden of proof,

has the hallmarks of gamesmanship, if not outright effrontery, not just to this Court, but to counsel of record, and to the Defendant herself. Accordingly, the Defendant's **Motion** in *limine* as it pertains to the Plaintiff's claim for compensatory damages is **GRANTED**. In the event the Plaintiff prevails on his claim of due process violations, pursuant to governing jurisprudence, *supra*, he may be entitled to nominal damages.

    The Clerk is hereby directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

    ENTER: September 26, 2023.



Omar J. Aboulhosn
United States Magistrate Judge