IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

          Plaintiff,

v.                                                                CIVIL ACTION NO.  2:22-cv-00435

VERA MCCORMICK, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      The Plaintiff, Jay Folse, proceeding *pro se*, initiated this action with a *Complaint* (Document 1) filed on October 5, 2022.  The operative pleading is an *Amended Complaint* (Document 6) filed on October 25, 2022.  Mr. Folse alleges, inter alia, that his property was improperly sold at a tax sale without notice or due process.  By *Administrative Order* (Document 4) entered on October 6, 2022, the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for total pretrial management and submission of proposed findings of fact and recommendations for dispositions.  On September 26, 2023, Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 75), recommending that the *Plaintiff's Motion for Partial Summary Judgment* (Document 55) be denied.  On the same date, Judge Aboulhosn entered an *Order* (Document 76), granting in part and denying in part *Defendant Vera McCormick's Motion in Limine to Preclude Plaintiff from Arguing for or Asserting Any Right to Compensatory and Punitive Damages, and Attorneys' Fees* (Document 58).

The Court has reviewed the *Plaintiff's Objection to Proposed Finding and Recommendation* (Document 78), which addresses both the PF&R and the Order regarding the Defendant's motion in limine on damages, as well as *Defendant Vera McCormick's Response to Plaintiff's Objection to Proposed Findings and Recommendations and Order Granting Defendant's Motion in Limine* (Document 79).

**FACTS**

The Plaintiff, Jay Folse, purchased property in the Elk District in Kanawha County. The property sold via a tax sale on November 17, 2020. The purchaser identified two addresses to send a notice to redeem the tax delinquency to Mr. Folse, one in Bluefield, West Virginia, and one in Wheeling, West Virginia. Mr. Folse indicates that he did not receive any mailed notice.

The Defendant, Kanawha County Clerk Vera McCormick, testified that, after a tax sale of real property, her office sends out first class and certified mail to notify the delinquent owners of the sale and their right to redeem. She indicated that the tax lien purchaser is responsible for providing addresses to send the information. Ms. McCormick signed the tax deed. When she signs tax deeds, she reviews the file with information on the notices to redeem. The tax deed at issue in this suit included an invoice for mailing the notices, with information that there were two notices sent First Class Mail and two notices sent certified mail. The certified mail receipt included with the invoice listed the status as "Preshipment into – sent to [USPS]. Awaiting item" as to both the notice sent to Mr. Folse's Bluefield address and the notice sent to his Wheeling address. (McCormick Dep. at 17::7-9) (Document 55-1). Ms. McCormick indicated that these notices had been sent by her office, and she interpreted that status to mean Mr. Folse had not picked them up. Because her office did not receive the green certified mail receipt back, she presumed

that he did not receive the certified mail notices. Because the notices sent First Class Mail were not returned to the sender, she presumed that he did receive those. Her office requires personal service or notice delivered to the property only if the mailed notices are returned and the delinquent taxpayer lives on the property within Kanawha County, or if "the property sold is a house with residents in it." (*Id.* at 33::17-18.) There is no house on Mr. Folse's property.

Mr. Folse purchased the property in a tax sale. During his deposition, he testified that he did not recall how much he paid for it, did not have any particular plans for the property, and had not rehabbed it. He stated that he did not believe the property was developed. He did not provide an estimated value or other specific amounts when questioned about the compensatory damages he was seeking.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that plaintiff is acting *pro se*, and

his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).[1]

## DISCUSSION

The Plaintiff, Jay Folse, sought summary judgment as to his claim that Defendant Vera McCormick, Kanawha County Clerk, violated his rights by failing to provide him with proper notice to redeem the tax delinquency on a parcel of real property. Judge Aboulhosn recommended that the motion for partial summary judgment be denied, finding factual disputes with respect to whether Ms. McCormick and/or her office sent the notice, whether Mr. Folse received it, and whether Ms. McCormick's methods of providing notice were reasonable. Judge Aboulhosn also considered Ms. McCormick's motion in limine regarding damages, finding that Mr. Folse had failed to produce evidence that Ms. McCormick acted with the intent necessary to support punitive damages, and had failed to present any evidence of the amount of compensatory damages. Therefore, he found that Mr. Folse could be entitled only to nominal damages, as well as attorney's fees in the event he obtained counsel.

The Plaintiff objects to both the PF&R and the order regarding damages. He argues that an attempt to exclude categories of damages should have been filed in a motion for summary judgment, rather than a motion in limine. He argues that the Magistrate Judge erred in requiring him to prove the Defendant's degree of culpability and to put forth evidence as to the amount of damages before trial. The Plaintiff also contends that he is entitled to summary judgment because

---

1 Although motions in limine may be referred pursuant to 28 U.S.C. § 636(b)(1)(A), the Court will give the Plaintiff the benefit of de novo review as to objections to both the PF&R recommending resolution of his motion for summary judgment and the order resolving the Defendant's motion in limine on damages, finding that the motion in limine presented herein is akin to a dispositive motion because it seeks to narrow the classes of damages available.

4

"tracking numbers for the certified mail clearly show that mail was never sent to the Plaintiff," and whether regular mail was sent is not material because sending regular mail alone does not satisfy the notice requirement. (Obj. at 5.) He acknowledges that the letters were not returned, as in prior cases finding insufficient efforts at providing notice but contends that they were not returned only "because they were never sent in the first place." (*Id.*)

The Defendant responds that the Magistrate Judge appropriately granted the motion in limine as to damages based on the Plaintiff's failure to produce any evidence supporting either compensatory or punitive damages, citing cases granting motions in limine precluding introduction of evidence of damages where a party failed to disclose such evidence during discovery. She also notes that the Plaintiff did not raise the argument that the damages issue was not properly raised in a motion in limine and should instead have been addressed in a summary judgment motion in briefing before Judge Aboulhosn, and it therefore is not an appropriate basis for objection. The Defendant further contends that the objections to the PF&R on the Plaintiff's motion for summary judgment should be overruled due to the factual dispute as to whether the notices to redeem were sent and/or received.

### A.  *Motion in Limine*

Motions in limine are not expressly provided for in the Federal Rules of Civil Procedure. Black's Law Dictionary defines a motion in limine as "a pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Motion in Limine*, Black's Law Dictionary (11th ed. 2019.) Rule 56 of the Federal Rules of Civil Procedure addresses motions for summary judgment, permitting parties to "move for summary judgment, identifying each claim or defense—

or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a).

A motion seeking a ruling on the availability of a certain class of damages is more appropriately brought as a motion for partial summary judgment, rather than a motion in limine. *See, e.g. Sutphin v. Ethicon, Inc.*, No. 2:14-CV-01379, 2020 WL 5079170, at *11 (S.D.W. Va. Aug. 27, 2020) (Goodwin, J.) (finding "no functional difference" between a motion in limine seeking to exclude evidence of punitive damages and a motion for summary judgment); *Pinnacle Mining Co., LLC v. Bluestone Coal Corp.*, No. 5:08-CV-00931, 2015 WL 13414437, at *1 (S.D.W. Va. Sept. 29, 2015) (Johnston, J.) (finding entitlement to punitive damages "is not an evidentiary issue, appropriate for a motion in limine, but is instead a matter which will turn on Plaintiff's ability to make a threshold showing of entitlement to submit the issue of punitive damages to the jury); *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987) ("a motion in limine is not the appropriate procedure vehicle" to "narrow or fix the issues to be tried").

The Defendant's motion in limine on damages seeks to preclude the Plaintiff from making claims for types of damages for which he produced no evidence. The ultimate determination of whether a party has presented sufficient evidence for a question to reach the jury is not properly resolved in a motion in limine. "Should Plaintiff fail to present evidence sufficient to support an award of punitive [and/or compensatory] damages at trial, [the Defendant] may move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a)." *Sutphin*, 2020 WL 5079170, at *11. However, the core underlying issue addressed by Judge Aboulhosn relates to whether the Plaintiff may present evidence on damages when he failed to produce any such

evidence during the discovery process. That issue is appropriate for resolution on a motion in limine, and, of course, the Court will not permit presentation of evidence that was not properly disclosed. Whether the Plaintiff possesses sufficient properly disclosed evidence on damages for the issue to reach the jury is not properly resolved on a motion in limine, however. Thus, the Court will sustain the Plaintiff's objections in part. The Plaintiff will not be permitted to present argument on damages without first presenting *admissible* evidence as to either compensatory or punitive damages, but the question of whether such evidence exists remains open.

### B.     Motion for Summary Judgment

The Court finds that the PF&R on the Plaintiff's motion for partial summary judgment accurately summarized the facts and law, and the objections are without merit. There is clearly a factual dispute as to whether notice was mailed. Ms. McCormick testified that her records reflect that both the certified and First-Class mail notices were sent to both Mr. Folse's Bluefield and Wheeling addresses. None were returned to her office as undelivered, although the office did not receive the return receipt on the certified mail. Mr. Folse indicates that he did not receive any of the notices. Thus, whether notices were properly sent is a factual dispute that cannot be resolved on summary judgment.

Mr. Folse suggests that there is no *material* factual dispute because he believes the evidence establishes that the certified mail was never sent, and regular mail is insufficient. Absent confirmation that certified mail was received by the delinquent owner he believes that personal service is required. His position is incorrect, both because there *is* a dispute as to whether the certified mail was sent, and because he misunderstands the precedent regarding notice that comports with the due process clause.

7

This Court addressed what constitutes sufficient notice in a 2017 case in which an official issued a tax deed despite all mailed notices having been returned undelivered. *O'Neal v. Wisen*, No. 5:16-CV-08597, 2017 WL 3274437 (S.D.W. Va. Aug. 1, 2017) (Berger, J.), *aff'd sub nom. O'Neal v. Rollyson*, 729 F. App'x 254 (4th Cir. 2018). In *O'Neal*, the Court found that precedent clearly required additional steps under those circumstances, where additional efforts at notice were reasonably available. *Id.* at *4 (discussing Supreme Court and Fourth Circuit precedent, including *Jones v. Flowers*, 547 U.S. 220, 225 (2006), and *Plemons v. Gale*, 396 F. 3d 569, 573 (4th Cir. 2005)). In *O'Neal*, the tax purchaser promptly served an eviction notice by having it served to the residence and posted on the door after the tax deed had been issued. *Id.* at *2. There was a residence on the property occupied by the daughter of the owners of record. *Id.* In this case, the property is undeveloped land without a residence, and the addresses associated with Mr. Folse are a considerable distance from Kanawha County, where the property is located. The Supreme Court has held that "[d]ue process does not require that a property owner receive actual notice before the government may take his property," but instead requires reasonable efforts at providing notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Where notice is returned, such that the state is aware that the delinquent property owner has not received notice, "the State should [take] additional reasonable steps to notify [the property owner], if practicable to do so." *Id.* at 234. In *Jones*, the Supreme Court suggested potential additional steps, including sending notice by regular mail, posting notice on the front door, or sending notice addressed to "occupant," but found that the government would not be obligated to go so far as to conduct an open-ended search for the owner's new address. *Id.* at 235-36. The process used in Kanawha County, as described by the Defendant—sending certified and regular mail, resending and serving an occupied residence on

8

property if available if the previous notice is returned—appears to comport with the requirements set forth in the precedent.[2] Therefore, the Plaintiff's objections to Judge Aboulhosn's proposed findings and recommendation denying his motion for partial summary judgment will be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objection to Proposed Finding and Recommendation* (Document 78) be **OVERRULED** as to the *Proposed Findings and Recommendation* (Document 75), that the PF&R be **ADOPTED**, and that *Plaintiff's Motion for Partial Summary Judgment* (Document 55) be **DENIED**. The Court further **ORDERS** that the *Plaintiff's Objection to Proposed Finding and Recommendation* (Document 78) be **SUSTAINED IN PART** as to the *Order* (Document 76) related to damages, and that *Defendant Vera McCormick's Motion in Limine to Preclude Plaintiff from Arguing for or Asserting Any Right to Compensatory and Punitive Damages, and Attorneys' Fees* (Document 58) be **DENIED in part and GRANTED in part**, as set forth herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 10, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 Given that the standard is of reasonableness, the Court cannot say definitively that a case could not arise in which other or additional steps would be appropriate. There is dispute in this case about whether the standard procedure described by Ms. McCormick was followed, which precludes summary judgment. But the Plaintiff's suggestion that personal service is required where certified mail was not successfully served would impose a higher burden, more akin to the actual notice standard rejected by the Supreme Court.