IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JAY FOLSE,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:22-CV-00435**

**KANAWHA COUNTY COMMISSION, *ET AL.*,**

    **Defendants.**

### ORDER AND PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the ***Defendant's Motion for Sanctions*** (ECF No. 95), and supporting Memorandum of Law (ECF No. 96), filed on April 16, 2024, as well as her ***Reply in Support of Motion for Sanctions*** (ECF No. 98) filed on May 14, 2024. Although the Court ordered the *pro se* Plaintiff to file his response to the Defendant's Motion no later than May 6, 2024 (ECF No. 97), he has failed to do so. Accordingly, the matters are fully briefed and ready for decision.

Having reviewed the ***Motion***, and pertinent legal authority, the undersigned concludes that the ***Motion*** should be **GRANTED** for the reasons stated *infra*:

### Background[1]

On October 5, 2022, the Plaintiff, proceeding *pro se*, filed a three-count[2] complaint against McCormick and others under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourteenth Amendment for failing to provide him with proper notice to redeem the tax delinquency on his

---

[1] For the sake of judicial economy, the undersigned does not belabor the procedural history or repeat the Plaintiff's factual allegations in support of his claims, but incorporates by reference to same as set forth in a prior Proposed Findings and Recommendation (See ECF No. 29).

[2] The Plaintiff's "Count II" concerns "*Monell* Liability" against McCormick. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978).

real property[3] (hereinafter referred to as "subject property") pursuant to W. Va. Code § 11A-3-19 and then subsequently selling the subject property via tax sale on November 17, 2020 without notice to him. (ECF No. 6)

### Argument in Support of Sanctions

McCormick brings her Motion under Rule 37 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.5 asking this Court to sanction the Plaintiff for failing to comply with this Court's Scheduling Order – he has not served his required Rule 23 pretrial disclosures and his pretrial pleadings. McCormick is facing trial without the benefit of the Plaintiff's witness or exhibit list because he never disclosed any, so she is unable to object to them; the Plaintiff has also failed to submit any objections to McCormick's own disclosures, therefore the Court should deem any objections to same waived.

McCormick points out that the Plaintiff not only failed to comply with Rule 26 requirements to serve his trial and witness list, but he also failed to comply with this Court's Scheduling Order requiring Rule 26 disclosure as well as his submission of pretrial pleadings (including his portion of the integrated pretrial order, jury instructions, voir dire, and verdict form). The Plaintiff has provided no reason or justification for his ongoing failures to comply with the Federal and Local Rules of Civil Procedure, or this Court's Orders, which suggests his conduct is a product of willfulness, bad faith, or fault. The Plaintiff has had several months to make his disclosures. This Court has amended its own Scheduling Order twice because of the Plaintiff's

---

[3] The Plaintiff provided the legal description of his property: "LT 8 G C ACREE PARTITION SUB FLTWDS BR INDIAN CK CONT 64/100A" which is located in the Elk District and on Map 38 Parcel 72 Sub-parcel 32. (ECF No. 6 at 2-3) The subject property's legal description is not in dispute.

failure to present this disclosure – a reasonable inference is that he intentionally refused to serve it.

Under the applicable analysis here, McCormick notes she does not have to show prejudice, but only show that she has been prejudiced to the extent that the Plaintiff provided no evidentiary or documentary support for his alleged, and untimely, claim that the subject realty in this case is valued at $50,000 – in short, McCormick has been denied an opportunity to rebut the Plaintiff's unsupported damages opinion.

While acknowledging that dismissal of the Plaintiff's case is a severe penalty, McCormick asserts that the Plaintiff's continued refusal to comply with the Rules and this Court's Orders warrants this severe sanction. Alternatively, McCormick asks the Court to grant her Motion and find the Plaintiff has waived the right to challenge her pretrial pleadings and that he should be excluded from offering evidence at trial that he has not properly disclosed; additionally, McCormick asks for her attorneys' fees, costs and expenses incurred in this litigation, plus any and all relief deemed appropriate by this Court.

In her reply brief, McCormick notes that once again, the Plaintiff failed to respond to her initial Motion, notwithstanding the Court's Order. McCormick represents to the Court that in a recent email from the Plaintiff dated May 13, 2024 (ECF No. 98-1), he states he served his proposed pretrial memorandum, proposed voir dire, and pretrial disclosures via email, though he has not served proposed jury instructions. McCormick observes these were not timely served and asks the Court to strike them; McCormick reserves the right to object to same should this Court decline to strike the Plaintiff's untimely pretrial pleadings.

**Relevant Law**

Rule 26(a)(3)(A)(2) of the Federal Rules of Civil Procedure states that "a party must provide to the other parties and promptly file the following: (i) the names and address and telephone number of each witness-separately identifying those the party expect to present . . . (ii) an identification of each document or other exhibit, including summaries of other evidence, separately identifying those items that party expected to offer."

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a), that party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." This Rule further provides that "[i]n addition to or instead of this sanction, the court . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[4]

Rule 37(b)(2)(A) vests courts with a variety of sanctions when a party fails to obey an order to provide or permit discovery, including but not limited to striking pleadings in whole or in part. The Fourth Circuit has instructed district courts to apply a four-part test when determining appropriate sanctions under Rule 37(b): (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been

---

[4] The other sanctions listed are as follows: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceedings in whole or in part; or (vi) rendering a default judgment against the disobedient party.

effective. Young Again Prods., Inc. v. Acord, 459 Fed. Appx. 294, 301 (4th Cir. 2011); Belk v. Charlotte–Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

"In the Fourth Circuit, a District Court may impose sanctions such as dismissal or adverse inference against a party who fails to preserve or produce evidence." Martin v. Aldi, Inc. (Ohio), No. 3:19-cv-00027, 2021 WL 411513, at *1 (S.D. W. Va. Feb. 5, 2021)(citing Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004)(Chambers, J.).

When considering a motion for attorneys' fees, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court's assessment of the requested award should include consideration of hours which were spent excessively, redundantly, or unnecessarily. Id. at 434. The starting calculation is referred to as the lodestar amount. Grissom v. The Mills Corp., 549 F.3d 313 (4th Cir. 2008). There are twelve factors that the Court must consider on the calculation of reasonable attorneys' fees:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom, 549 F.3d at 321. Upon completion of this lodestar calculation, a "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom, 549 F.3d at 321 (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002)). "Once the court

has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." <u>Johnson</u>, 278 F.3d at 337.

## Discussion

This is not the first time, and likely is not the last, that this Court is confronted with this particular litigant's failures to abide by the Rules and this Court's Orders. This Court has extended courtesies to this Plaintiff numerous times on account of his ongoing and repeated incapabilities or refusals to comply with the requirements governing civil litigation. Given this particular litigant's history of how he prosecutes his claims before this Court, the undersigned has no faith that anything less than significant sanctions will be adequate to disabuse this Plaintiff from his ongoing abuse of the court system.

The undersigned acknowledges that the following is not in dispute:

1. The Plaintiff did not serve any Rule 26(a)(3) pretrial disclosures in accordance with this Court's initial Scheduling Order (ECF No. 26) prior to its amendment nearly a year later (ECF No. 74). In its Order, the Court explicitly warned that "**DISCLOSURES AFTER ESTABLISHED DEADLINES TO WHICH AN OBJECTION IS MADE WILL BE EXCLUDED FROM EVIDENCE UNLESS OPPOSING COUNSEL AGREED TO THE UNTIMELY DISCLOSURE OR THE COURT GRANTED AN EXTENSION OF THE DEADLINE.**" (<u>Id</u>., emphasis in original)

2. The Plaintiff did not serve proposed jury voir dire, jury instructions, and a verdict form by April 8, 2024 pursuant to this Court's Second Amended Scheduling Order. (ECF No. 81)[5]

3. The Plaintiff did not submit his portion of the proposed integrated pretrial by March 28, 2024 pursuant to this Court's Second Amended Scheduling Order. (Id.)

4. The Plaintiff did not serve his response to McCormick's motion for sanctions by May 6, 2024 as ordered by the undersigned.[6]

It is noted that the Plaintiff represented to this Court that his law school classes ended April 30, 2024, a reason he based his motion upon to modify the then existing Scheduling Order, though he also indicated he was trying to track down a witness to depose (See ECF No. 84). The undersigned further notes that in the Plaintiff's recent email to counsel for McCormick, he complains "I still have yet to receive any discovery from you." (See ECF No. 98-1) The undersigned observes that discovery has long concluded in this case, and significantly, the Plaintiff never filed a motion to compel discovery in this action. The undersigned remarks upon these details

---

[5] The undersigned notes that on this day, May 22, 2024, the Plaintiff submitted to the Clerk for filing via UPS (United Parcel Service) his portion of the Pretrial Memorandum, Proposed Voir Dire, Proposed Jury Instructions, and Proposed Verdict Form (See ECF Nos. 100-103). Of interest here is that the Plaintiff **certifies** that he sent these pretrial pleadings via **U.S. Mail** to counsel for McCormick on **May 8, 2024** (Id.)(emphasis added by undersigned), which conflicts with defense counsel's representations to this Court that the Plaintiff "served" upon him only the Plaintiff's proposed pretrial memorandum, proposed voir dire, and pretrial disclosures via email on May 13, 2024, but did not serve his proposed jury instructions (See ECF Nos. 98, 98-1). The envelope in which the Plaintiff's pretrial pleadings were sent to the Clerk of Court indicates a ship date of May 17, 2024 (See ECF Nos. 100-1, 101-1, 102-1, 103-1). Of further interest here is that the Plaintiff still failed to submit any response to the instant Motion for Sanctions. The Court has no confidence that what the Plaintiff "certifies" to the Court is true or accurate. Email and UPS is not the same as "U.S. Mail". Furthermore, the undersigned is perplexed as to why the Plaintiff would wait 9 days later to send the items to the Clerk for filing if he in fact sent them via some sort of parcel or mailing service to the Defendant on May 8.

[6] The undersigned is mindful that the Plaintiff does not have electronic filing access, and therefore serving or filing pleadings may take longer when sent via U.S. Mail, but the undersigned also notes that the Plaintiff has oftentimes submitted filings via expedited mailings (See, e.g., ECF Nos. 32-1, 64-1, 67-1, 77-1, 78-1, 84-1, 93-2).

as they demonstrate the Plaintiff continues to engage in gamesmanship, notwithstanding the fact he is very much aware of his responsibilities under the Rules and this Court's Orders.[7] [8] The undersigned observed several months ago that this Plaintiff had opportunities to engage in discovery but he has done nothing to advance his proof of damages, notwithstanding the fact that he chose to file this lawsuit. (See ECF No. 77 at 6-7)

In addition to disregarding the Rules and this Court's Orders, especially those providing specific deadlines, the undersigned is mindful that this Court has been very accommodating to this Plaintiff in order to allow him to prosecute his case without jeopardizing his law school commitments: for instance, although the undersigned denied the Plaintiff's request to participate in mediation remotely, the undersigned permitted the parties to reschedule the mediation for Saturday, as that date would not conflict with the Plaintiff's academic schedule (See ECF Nos. 68, 70, 73). Again, to accommodate the Plaintiff's academic schedule, this Court amended its Scheduling Order a third time (See ECF Nos. 84, 94).

---

[7] Though of no moment at the time, this is yet another instance of this Plaintiff not complying with a straightforward Order or the Rules of Civil Procedure: On March 27, 2023, McCormick filed her Motion to Compel the Plaintiff to provide his Rule 26(a)(1) disclosures which were due January 17, 2023 (See ECF Nos. 26, 35, 35-1). The undersigned issued an Order directing the Plaintiff to respond to the Motion no later than April 11, 2023 (ECF No. 36), which the Plaintiff elected not to do, but instead provided the requested disclosures directly to McCormick's counsel, thus prompting her filing of a Withdrawal of the Motion (ECF No. 37). Subsequently, on April 14, 2023, the undersigned entered an Order deeming the matter raised in the Motion moot, and ordered the Plaintiff to file a certificate of service with the Court to indicate his compliance with the pertinent Federal Rule of Civil Procedure (ECF No. 38). The Plaintiff finally filed the certificate of service on July 6, 2023 (ECF No. 50), but only after the Court entered two orders. The Plaintiff filed his amended initial disclosures on October 6, 2023 (ECF No. 77).

[8] As noted *supra*, the Court has had to remind the Plaintiff numerous times in other matters he brought to this Court to mind the Rules, and to follow this Court's Orders: See, e.g., *Folse v. American Electric Power Service Corporation, et al.*, No. 2:23-cv-00201, at ECF No. 42 (Magistrate Judge Tinsley recognizing the Plaintiff's compliance with prior orders "short-lived" and demonstrates an "unfortunate pattern" of noncompliance with applicable procedural rules and/or exhibiting defiance of an Order or express instruction by this Court); *Folse v. Frazier*, No. 2:23-cv-00555, at ECF Nos. 4 and 12 (Magistrate Judge Tinsley again recognizing that the Plaintiff failed to abide by Court directives despite having awareness of his responsibilities under the Rules and to the Court); *Jay Folse v. John McCuskey, Jr., G. Russell Rollyson, Jr.*, No. 2:23-cv-00561, at ECF No. 13 (S.D.W. Va. Oct. 5, 2023)(the undersigned recognizing the Plaintiff's continuing failures to comply with procedural rules and Court Orders or directives). This sampling is not exhaustive.

The Court is placed in the unenviable position of having to disregard this history, and accept beyond reason and logic that the Plaintiff's actions were not intentional, which begs the question: why bother having, let alone adhering to, the Federal Rules of Civil Procedure at all? Or worse, why should this Court bother entering Orders, if it will not enforce them? The Court cannot ignore the Plaintiff's mindful inattentiveness towards his own lawsuit, and or his flippant response to his legal obligations, nor will it condone such behavior by not issuing sanctions. The undersigned must determine the appropriate sanctions necessary to disabuse this Plaintiff's ongoing practice of ignoring deadlines, and his repeated failure to extend the same courtesy to opposing counsel that has been extended to him.

The undersigned observes that the Plaintiff's repeated resistance to adhere to the Rules of Civil Procedure, both Federal and Local, including this Court's Orders, has resulted in this fairly straightforward civil matter to be delayed numerous times. This has prompted McCormick to file several motions with this Court as a result of the Plaintiff's misconduct, including motions asking that the Plaintiff be precluded from presenting evidence at trial because he simply would not disclose evidence supporting his claims, *supra*. The undersigned observes further that only ***after*** McCormick filed motions seeking this Court's assistance to enforce compliance with the Rules and its own Orders, and only ***because*** of this Court's intervention, did the Plaintiff attempt compliance, though not completely.

The Plaintiff's total lack of explanation for his failure to adhere to deadlines or to engage in discovery in good faith does not absolve him from his responsibilities to the Defendant or to this Court. The Plaintiff has provided nothing to justify his noncompliance with the Rules of Civil

Procedure or this Court's Orders, despite the language employed in both is quite clear as to what is expected of litigants appearing before the Court.

### Ruling and Recommendations for Disposition

As to the other enumerated sanctions available to this Court, the undersigned notes that the Pretrial Conference/Final Settlement is scheduled for June 26, 2024 at 1:30 p.m. (ECF No. 99) Jury selection is scheduled for June 28, 2024 to commence at 9:00 a.m., and the trial begins July 1, 2024 at 9:00 a.m. (ECF No. 94). All other deadlines concerning disclosures or pretrial pleadings have long expired.

The Plaintiff has deprived this Court of the benefit of reviewing whether his dereliction in his obligations under the Rules and this Court's Orders were substantially justified or harmless, therefore, in keeping with the spirit of Rule 37(c)(1) sanctions governing a party's failure to make timely disclosures as required by Rule 26(a), the undersigned **FINDS** an appropriate sanction is that the Plaintiff not be permitted to use any information that supports his allegations at trial. Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Judge confirm this foregoing finding and **RECOMMENDS** that the District Judge **GRANT** McCormick's request that the Plaintiff not be permitted to offer as evidence at trial any witnesses or exhibits not timely and properly disclosed to this Defendant and from objecting to McCormick's own timely and proper pretrial disclosure of witness and exhibits, proposed jury instructions, voir dire, and verdict form.[9]

---

[9] Because this Defendant has requested certain sanctions that concern matters within the purview of the District Judge, pursuant to 28 U.S.C. § 636, the undersigned makes these as recommendations.

Additionally, the undersigned **FINDS** that it is appropriate that this Court embrace the other enumerated sanctions under Rule 37(b)(2)(A)(i)-(vi): while the undersigned agrees with McCormick that dismissal of this action is the ultimate sanction, the undersigned is hard-pressed to imagine how the Plaintiff will navigate a jury trial if he is not permitted to introduce any evidence to support his claims (despite not having provided any for this Court's consideration) – this effectively dispenses with any need for a trial at all, and essentially causes the matter to default to a judgment in McCormick's favor. Without the imposition of a severe sanction allowed under Rule 37, anything less this Court were to impose would have no teeth when it comes to this Plaintiff – given the Plaintiff's penchant for filing numerous lawsuits in this District, the Court must establish a line that should not be crossed again by imposing the harshest sanction available. Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Judge confirm this foregoing finding and **RECOMMENDS** that the District Judge **GRANT** McCormick's request for dismissal.

Alternatively, again for the reasons aforesaid, the Court **FINDS** that the jury be informed that the Plaintiff failed to disclose or supplement information supporting his claims in accordance with Rule 37(c)(1)(B). Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Judge confirm this foregoing finding and **RECOMMENDS** that the District Judge **GRANT** McCormick's request as to same.

Finally, as another alternative to the harsh sanctions noted above, pursuant to Rule 37 of the Federal Rules of Civil Procedure, at a minimum, McCormick's attorneys' fees, costs and expenses are warranted, thus, the undersigned **GRANTS** this Defendant's request for same. McCormick is invited to file the appropriate motion for attorneys' fees and costs outlining the

11

reasons why they are reasonable in this matter and including the time it took prosecute her Motion for Sanctions, and the attendant matters leading up to same. The Plaintiff shall be allowed to file an appropriate pleading setting forth why this Court should not issue attorneys' fees and costs and any other objections to the accounting of time filed by McCormick. Counsel for McCormick shall file the motion and supporting memoranda within **14 days**. A response by the Plaintiff shall be filed within **7 days** after McCormick's pleading. Counsel for McCormick may file a reply within **3 days** after the Plaintiff's response.

In accordance with Rule 72(a) and (b)[10] of the Federal Rules of Civil Procedure, the ruling set forth above on this Motion may be contested by filing within 14 days, objections to this Order with District Judge Irene C. Berger. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to distribute a copy of this Order and Proposed Finding and Recommendation to the Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: May 22, 2024.



Omar J. Aboulhosn
United States Magistrate Judge

---

[10] McCormick's Motion requests relief that concern both dispositive and non-dispositive matters, however, the deadline for filing any objections is the same.