IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

          Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:22-cv-00435

VERA MCCORMICK, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, Jay Folse, proceeding *pro se*, initiated this action with a *Complaint* (Document 1) filed on October 5, 2022. The operative pleading is an *Amended Complaint* (Document 6) filed on October 25, 2022. Mr. Folse alleges, inter alia, that his property was improperly sold at a tax sale without notice or due process. By *Administrative Order* (Document 4) entered on October 6, 2022, the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for total pretrial management and submission of proposed findings of fact and recommendations for dispositions. On April 16, 2024, the Defendant filed the *Defendant's Motion for Sanctions* (Document 95) and a *Memorandum of Law in Support of Defendant's Motion for Sanctions* (Document 96). Magistrate Judge Aboulhosn submitted an *Order and Proposed Findings and Recommendation* (Document 104) on May 22, 2024. The Plaintiff emailed a letter-form *Response* (Document 105) to Judge Aboulhosn on May 23, 2024, which Judge Aboulhosn had filed. The letter-form response purports to respond to the motion for sanctions and contains a certificate of service and a line in the email indicating that it was mailed on May 10, 2024,

although no mailed copy has been received by the Court.[1]  The *Plaintiff's Objections to Proposed Findings and Recommendations* (Document 110) were filed on June 13, 2024.

The Court has given consideration to the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Jay Folse, purchased property in the Elk District in Kanawha County in a tax sale.  There is no house on the property.  The property was subsequently sold via a tax sale on November 17, 2020.  The purchaser identified two addresses to send a notice to redeem the tax delinquency to Mr. Folse, one in Bluefield, West Virginia, and one in Wheeling, West Virginia.  Mr. Folse alleges that he did not receive any mailed notice.  The Defendant, Kanawha County Clerk Vera McCormick, signed the tax deed after the notice to redeem was unsuccessful, although there is dispute as to whether the attempts at providing notice were sufficient.  Thus, the Plaintiff, acting pro se, filed this action alleging that the Defendant(s) failed to provide him with proper notice of the tax delinquency and his right to redeem prior to transferring his property.

The Defendant seeks sanctions under Rule 37 of the Federal Rules of Civil Procedure, asserting that the Plaintiff has failed to meet discovery obligations and has not complied with Court imposed deadlines.  She asserts that the Plaintiff never filed Rule 26(a)(3) disclosures, which were due September 18, 2023, did not provide his portion of the pretrial order, due March 28, 2024, and did not submit the proposed jury instructions, voir dire, and verdict form, due by April 8, 2023.

---

[1] The Court notes that Judge Aboulhosn entered an Order (Document 97) on April 17, 2024, establishing a deadline of May 6, 2024, for the Plaintiff to respond to the motion for sanctions.

2

As Judge Aboulhosn detailed, and as a review of the docket reveals, this case, like several others pursued by Mr. Folse, has not proceeded smoothly. The Court adopts Judge Aboulhosn's factual findings detailing the Plaintiff's repeated failure to comply with deadlines and orders and incorporates those findings herein.

## STANDARD OF REVIEW

### A. PF&R

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667,

676 (1980). Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

### B. Appeal

The assignment of non-dispositive discovery matters to a magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Rule 72 stipulates that, when a party objects to a non-dispositive ruling by a magistrate judge, "[t]he district judge in the case must…modify or set aside any part of the order that is clearly erroneous or is contrary to law." Federal Rule of Civil Procedure 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S. D. W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the district court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548, quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S. D. W.Va. January 28, 2014) (Chambers, C.J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S. D. W.Va. Apr. 19, 2013) (Chambers, C.J.).

### DISCUSSION

Judge Aboulhosn found that the Plaintiff's history of noncompliance suggested willfulness. He explained that the failure to file pretrial materials is difficult to remedy, given that discovery

has long been closed and trial is fast approaching. Judge Aboulhosn further noted that Mr. Folse's failure to respond to the motion for sanctions in accordance with a Court *Order* (Document 97), entered on April 17, 2024, setting a response deadline of May 6, 2024, weighed against a finding that his previous failures to meet obligations were substantially justified or harmless. Judge Aboulhosn recommends that the motion for sanctions be granted, and that the Plaintiff not be permitted to offer witnesses or exhibits that were not timely and properly disclosed. He further recommends that the case be dismissed, both because the Plaintiff has not properly disclosed sufficient evidence to prevail and because he found that a lesser sanction "would have no teeth when it comes to this Plaintiff." (PF&R at 11.) Should the Court decline to impose dismissal as a sanction, Judge Aboulhosn recommended that the jury be informed of the Plaintiff's failure to properly disclose evidence. Judge Aboulhosn also granted the Defendant's request for attorney's fees, costs, and expenses.

The day after Judge Aboulhosn issued his Order and PF&R, the Plaintiff submitted a letter-form response to the motion for sanctions, via email, which he claimed had been previously mailed. Therein, he states that his delay in submitting pretrial filings "was not willful or contumacious," explaining that he is in law school, has "multiple lawsuits as plaintiff and defendant," defended himself in a criminal trial, and is "busy with everyday life." (Document 105 at 1.) He states, "Deadlines in law school have to take priority over court deadlines," and he "would rather submit something late to court than get a zero for an assignment." (*Id.*) He attributes his difficulty managing deadlines to the flu, sleep apnea, and high functioning autism, as well as his other obligations and the purported unreliability of the mail, which he claims is "frequently lost." (*Id.*)

5

The Plaintiff faults the Defendant for failing to communicate with him prior to seeking sanctions, stating that he "would have informed them of [his] intent to serve the documents shortly." (*Id.*)

The Plaintiff also filed objections to the PF&R. He argues that the motion for sanctions should be denied entirely. Although he admits to failing to comply with deadlines, he argues that there were mitigating circumstances and that he did ultimately submit the pretrial filings at issue. He objects to Judge Aboulhosn's characterization of other cases in this district in which he similarly failed to comply with procedural rules and court orders. In Mr. Folse's view, those cases simply demonstrate abusive litigation tactics by opposing counsel and bias on the part of the judicial officers handling those cases. He argues that dismissal is inappropriate because he did not act in bad faith and any prejudice to the Defendant is minimal. He further argues that requiring him to pay the Defendant's attorney's fees is inappropriate because the "Defendant is an elected official who flagrantly violates the Due Process Clause," with counsel "paid by an insurance company," while "Folse is a student who is the victim of the Defendant's actions." (Obj. at 9) (Document 110.)

Rule 37 of the Federal Rules of Civil Procedure addresses situations in which a party fails to make disclosures or cooperate in discovery. The Defendant requests sanctions pursuant to Rule 37(c)(1), which provides for sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). Sanctions may include the following: barring the party from using the information or witness "unless the failure was substantially justified or is harmless," ordering "payment of the reasonable expenses, including attorney's fees, caused by the failure; "inform[ing] the jury of the party's failures," directing that designated facts be taken as established for purposes of the action, barring "the disobedient party from supporting

6

or opposing designated claims or defenses, "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," "dismissing the action or proceeding in whole or in part;" or "rending a default judgment against the disobedient party." Fed. R. Civ. P. 37(c)(1), 37(b)(2)(A)(i)(vi).

The Fourth Circuit explained that substantial justification for the failure to disclose and harmlessness are exceptions to the general rule requiring sanctions under Rule 37(c)(1). *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 597. "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." *Id.* at 596. The primary goal of Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party." *Id.*

The Court finds that Judge Aboulhosn's Order and PF&R properly analyzed the applicable test for sanctions. With the benefit of the additional information presented in the Plaintiff's response, it is even more clear that his failure to timely provide Rule 26(a)(3) disclosures and other pretrial filings was not substantially justified or harmless. The Plaintiff stated that he has other obligations that he prioritizes over meeting deadlines in this litigation. Just as missing a deadline for a law school assignment may result in a zero for that assignment, missing court-imposed deadlines has consequences. Procedural rules and deadlines—which are set well in advance—

allow parties, counsel, and the Court to manage workloads and ensure that all cases are addressed efficiently. The Defendant cannot fully prepare for trial without pretrial disclosures and filings. The Plaintiff's delay in making those disclosures shortens the time available to prepare before the trial date, which causes prejudice to the Defendant – who, like the Plaintiff, has other obligations that she and her counsel must balance with this case.

The Court would further note that this is not the first instance of the Plaintiff failing to comply with deadlines. Even putting aside the other cases with similar patterns of conduct, the Defendant had to file a motion to compel to obtain the Plaintiff's Rule 26(a)(1) disclosures. The Plaintiff's response to the motion for sanctions was itself submitted well after the deadline.[2] The Court previously addressed a motion in limine related to nondisclosure and late disclosures of alleged damages and held that the Plaintiff would not be permitted to introduce evidence of damages that was not properly and timely disclosed. The Court likewise will not permit the Plaintiff to introduce witnesses or exhibits that were not properly and timely disclosed, absent justification for the delay that does not exist in this case, finding exclusion an appropriate remedy for the non-disclosure or late disclosure.[3]

When courts consider dismissal or default judgment as a sanction, the Fourth Circuit has established the following test: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the

---

[2] The Plaintiff's non-compliance has continued through the present. Mr. Folse filed a motion to continue the pretrial hearing and final settlement conference, citing a scheduled surgery. The Court entered an order directing him to submit documentation by June 12, 2024, which was provided to him via email as well as U.S. Mail. He submitted no such documentation and emailed a withdrawal of the motion to the Court's law clerk on June 19, 2024.

[3] The Plaintiff eventually filed proposed jury instructions, voir dire, verdict form, and pretrial order. Within those filings, he indicated that his Rule 26(a)(3) disclosures were submitted separately. There is no certificate of service on the docket, leaving the Court unable to verify if or when the disclosures were made.

particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

While dismissal is a harsh sanction, the Court finds that it is warranted here. The Plaintiff's own explanation for his conduct demonstrates his bad faith and the need to deter this particular sort of noncompliance. The Court cannot permit litigants to simply ignore court orders and deadlines that they find inconvenient. As discussed, the failure to timely file pretrial disclosures and other pretrial documents is quite prejudicial, as it prevents the other party from meaningful trial preparation in the final weeks before trial. Most important for the Court's consideration in this case, however, is the practical unavailability of lesser sanctions. The exclusion of evidence and witnesses that were not properly disclosed leaves the Plaintiff with little or nothing to bring to trial to prove his claim or to prove damages. Dismissal, in this case, simply flows from the less severe sanction of exclusion, which the Court finds to be clearly warranted.

In addition, under these circumstances, the Court finds that dismissal is perhaps a less severe sanction. The Plaintiff was already precluded from introducing evidence of damages that was not properly disclosed. While the issue was not presented in a motion for summary judgment, the briefing suggests that he lacks any properly and timely disclosed evidence of damages. Thus, the Plaintiff, if successful, would likely have been limited to nominal damages. Judge Aboulhosn found that an award of attorney's fees was another appropriate sanction, and the Court can find no error in his reasoning.[4] The Court is mindful that the Plaintiff is a pro-se litigant, although a prolific and experienced one, and, as he points out, a law student with presumably limited income.

---

4 The motion for attorney's fees and accounting of time remains pending with Judge Aboulhosn. However, the Court notes that the deadline for Mr. Folse to respond to the Defendant's request has expired without a responsive pleading.

9

The combination of lesser available sanctions, rather than dismissal, would result in a trial at which he has no chance of success and a requirement that he pay attorney's fees to the Defendant, when he is foreclosed from presenting evidence of damages. In short, allowing a trial to go forward would result in the Plaintiff paying for the privilege of expending additional time and resources on a case that is no longer potentially viable, following exclusion of the evidence and witnesses he failed to timely disclose. Therefore, the Court finds adopting the Magistrate Judge's PF&R to the extent it recommends dismissal to be appropriate.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to Proposed Findings and Recommendations* (Document 110) be **OVERRULED** and that the *Order and Proposed Findings and Recommendation* (Document 104) be **ADOPTED** to the extent it recommends dismissal. The Court further **ORDERS** that the *Defendant's Motion for Sanctions* (Document 95) be **GRANTED** and that this matter be **DISMISSED**. Finally, the Court **ORDERS** that all pending motions be **TERMINATED as moot** and that the *Third Amended Scheduling Order* (Document 94) be **SUSPENDED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 21, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA