IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

          Plaintiff,

v.                                      CIVIL ACTION NO. 2:22-cv-00435

VERA MCCORMICK, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Second Motion for an Extension of Time to Submit Objections to the Magistrate Judge's Proposed Findings and Recommendations* (Document 144) and the *Defendant's Response to Plaintiff's Second Motion for Extension of Time to Submit Objection to Magistrate's Proposed Recommendations as to Defendant's Motion for Contempt* (Document 145).

On July 21, 2025, the Defendant, Vera McCormick, filed a *Motion for Order of Civil Contempt* (Document 135) and a *Memorandum in Support of Defendant's Motion for Order of Civil Contempt* (Document 136) in this matter. On August 29, 2025, the *Plaintiff's Response to Defendant's Motion for Order of Civil Contempt* (Document 140) was filed.

The matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On September 26, 2025, Magistrate Judge Aboulhosn

1

submitted a *Proposed Findings and Recommendation* (Document 141), wherein it is recommended that the Plaintiff be ruled in contempt of Court and be required to pay Defendant McCormick's reasonable expenses in bringing the *Motion for Order of Civil Contempt* in addition to paying Defendant McCormick's attorney's fees in the amount of $1,680.00 as previously awarded. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by October 14, 2025.

Mr. Folse filed the *Plaintiff's Motion for an Extension of Time to Submit Objections to the Magistrate Judge's Proposed Findings and Recommendations* (Document 142), docketed on October 24, 2025, claiming that he had not been served with the PF&R. The Court granted the first motion for an extension and directed that the PF&R be resent, along with the Order granting the motion for an extension. The Court set a new objections deadline of November 17, 2025. Mr. Folse's second motion for an extension was docketed on November 19, 2025, again claiming that he was not served with the PF&R by mail.

There is no indication on the docket that either the PF&R or the Order and PF&R resent approximately a month later were returned as undeliverable. Mr. Folse has an extensive history of failing to comply with deadlines and of asserting non-receipt of mail. The substance of Mr. Folse's initial claim in this case centered around allegations that a notice of a tax sale and notice to redeem his property was not properly mailed to him. (Compl. at ¶¶ 12-19, Document 1.) In response to a motion for sanctions for failing to comply with discovery deadlines, he explained that he had many competing obligations and claimed that "[m]ost of the time, I get mail from the Court after any deadline has passed" and "routinely receive mail from opposing counsel or the Court over a month after it is mailed to me." (Document 105 at 1.) The Court ultimately adopted

2

a recommendation from the Magistrate Judge and dismissed the case as a result of the prejudice to the Defendant resulting from the Plaintiff's repeated and ongoing failure to comply with deadlines and procedural rules. In that opinion, the Court detailed various instances in which Mr. Folse offered explanations that called his credibility and good faith into question. (Mem. Op. at 7-9, Document 113.) The Magistrate Judge's PF&R regarding the motion for civil contempt likewise outlines in detail Mr. Folse's extensive history of failure to comply with orders or deadlines. (Document 141 at 8-9.)[1] Thus, the Court finds a lack of credibility in Mr. Folse's assertion that neither mailing reached the address on record with the Court. No update or change of address has been submitted. Cases with pro-se litigants are not uncommon in this Court, and other pro-se litigants, including those who are incarcerated, seem to have far less difficulty receiving mail and complying with deadlines. Therefore, the Court finds no good cause to justify an additional extension of the objection deadline.

Neither party has timely filed objections to the Magistrate Judge's *Proposed Findings and Recommendation*. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

---

1 Mr. Folse's history of failure to comply with deadlines, rules, and Court orders is well-documented in other cases within this district as well. *See, e.g.*, *Folse v. Frazier*, 2:23-cv-555 (Document 25, June 10, 2025) (dismissing for failure to prosecute after Mr. Folse repeatedly ignored Court deadlines); *Folse v. McCuskey*, 2:22-cv-171 (Document 116, May 14, 2025); *Folse v. American Electric Power Service Corp.*, 2:23-cv-201 (Document 50, March 15, 2024) (rejecting a request to extend the deadline to file objections, finding that "Plaintiff has continuously failed to meet deadlines and blatantly disobeyed court orders).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* (Document 141).  The Court **ORDERS** that Defendant McCormick's *Motion for Order of Civil Contempt* (Document 135) be **GRANTED** inasmuch as the Court **FINDS** the Plaintiff to be in contempt of Court for his failure to comply with the Court's March 19, 2025 Order (Document 134) requiring him to pay Defendant McCormick's attorney fees in the amount of $1,680.00.

Wherefore, the Court **ORDERS** that the Plaintiff be held in civil contempt.  Specifically, the Court **ORDERS** that Mr. Folse certify, by written submission, that he has paid the previously ordered attorney fees in the amount of **$1,680** within **30 days** of the entry of this Order.[2]  Further, given Mr. Folse's history of recalcitrance, the Court **ORDERS** that, in the event the Plaintiff fails to pay and certify the payment as required within **30 days** of the entry of this order, the Plaintiff be fined **$100 per day beginning on the 31st day** after entry of this Order and continuing until such time as payment and certification, as ordered, are made.

Lastly, the Court **ORDERS** that the Plaintiff be required to pay the Defendant's costs in bringing this motion and that the Defendant submit an affidavit detailing her attorney's fees incurred in litigating the *Motion for Order of Civil Contempt* (Document 135) no later than **December 15, 2025**.

---

2 The date of entry of this Order is the date it is docketed, regardless of any difficulties the Plaintiff may have with the receipt of mail.  Thirty days provides more than sufficient time for the Plaintiff to receive the order in the mail and submit his payment, a court ordered obligation he has been aware of for approximately eight months.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party. The Court further **DIRECTS** that copies of this Order be sent to Mr. Folse via both certified and regular U.S. Mail.

ENTER: December 5, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA